IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TOMMY ROBERTSON                                                                      PETITIONER

v.                                                                              No. 3:25CV156-SA-RP

SMITH MURPHEY                                                                        RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tommy Robertson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies; the petitioner has not responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1) and (c), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>   (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v.*

*Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine "[gives] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5thCir. 1989) (quoting *Rose,* at 518) (citations omitted).

### Facts and Procedural Posture[1]

Robertson is in the custody of the Mississippi Department of Corrections (MDOC) and is currently housed at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi. He filed his *pro se* federal petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Doc. 1. In his petition, Robertson does not challenge his 2021 Panola County Circuit Court plea and sentence for aggravated domestic violence as a habitual offender. Doc. 1. Instead, he raises the following grounds for relief challenging the revocation of his probation and sentence:

> **Ground One**: That his sentence has expired; his probation, parole or conditional release was unlawfully revoked; or he is otherwise unlawfully held in custody. Petitioner's supervised probation was revoked without properly informing the probation officer of a violation; nor was a probation officer at the revocation hearing.
>
> **Ground Two**: That the conviction or the sentence was imposed in violation of the United States or the Constitution or laws of Mississippi. The fact finder failed to issue a written statement of the evidence relied on and reason for revoking PRS.

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

Doc. 1. In his prayer for relief, Robertson "ask[s] that the sentence from the revocation be set aside and [his] probation reinstated." Doc. 1 at 14.

Robertson states that he raised his claims in the Panola County Circuit Court in a motion for post-conviction relief but has had "no response in over two years[.]" Doc. 1 at 5, 7. However, as discussed below, the Panola County Circuit Court records, posted on the Mississippi Electronic Case (MEC) system, confirm that the trial court denied Robertson's post-conviction motion in May 2025. The Mississippi Supreme Court's online records also confirm that Robertson currently has a pending appeal from the trial court's ruling as of the date the State filed the instant motion to dismiss. None of Robertson's issues in this federal petition have been raised to the state's highest court. For this reason, Robertson's federal petition for writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust available state court remedies.

**Plea and Sentences**

On September 20, 2021, Robertson entered a guilty plea to a reduced charge of aggravated domestic violence as a habitual offender under Miss. Code Ann. § 99-19-81.[2] **Exhibits A, B**[3]; Doc. 11-1 at 17–19 (MEC, Cause No. 2:21-cr-00041, Doc. 25) (Recommended and Negotiated Supervised Probation Order); Doc. 11-1 at 16 (MEC, Cause No. 2:21-cr-00041, Doc. 24) (Order on Agreed Motion to Reduce Charges); *see also* Doc. 11-1 at 28–109 (MEC, Cause No. 2:21-cr-00041, Doc. 29) (Plea and Sentencing Transcript).

---

[2] The Panola County Circuit Court records confirm that Robertson was indicted for aggravated domestic violence as a violent habitual offender under Mississippi Code Annotated § 99-19-83. Doc. 11-1 at 5–6 (MEC, Cause No. 2:24-cr-00041, Doc. 1).

[3] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

**Revocation Proceedings**

On June 23, 2022, the State filed a "Petition to Revoke Suspended Sentence" because Robertson "violated the good behavior conditions of his suspended sentence" by "committing new crimes." **Exhibit C**; Doc. 11-1 at 110–12 (MEC, Cause No. 2:21-cr-00041, Doc. 30). The trial court docket confirms that, following the State's petition, the trial court issued a bench warrant for Robertson's arrest – served on him in August 2022. Doc. 11-1 at 1–4 (MEC, Cause No. 2:21-cr-00041, Docket). The docket confirms that the trial court promptly set a hearing on the State's petition to revoke, appointed counsel to Robertson for the hearing, and the State issued a subpoena for its necessary witness. Doc. 11-1 at 115–16 (MEC, Cause No. 2:21-cr-00041, Docs. 36, 40); Doc. 11-1 at 1–4 [MEC, Cause No. 2:21-cr-00041, Docket Entries 33–35, 37–39]); *see also* Doc. 11-1 at 126–77 (MEC, Cause No. 2:21-cr-00041, Doc. 45) (Revocation Hearing Transcript).

After the hearing, the trial court revoked five years of the initial twenty year suspended sentence. The trial court held that the "State had met its burden of proof" to "the Court's satisfaction by the preponderance of the evidence that [Robertson]" committed a new crime of felony fleeing "[o]n or about February 8, 2022." **Exhibit D**; Doc. 11-1 at 117–18 (MEC, Cause No. 2:21-cr-00041, Doc. 42). The trial court "further [found] that [Robertson] ha[d] been afforded all requisite procedural and substantive due process rights by applicable case law." **Exhibit D**; Doc. 11-1 at 117–18 (MEC, Cause No. 2:21-cr-00041, Doc. 42). The trial judge thus sentenced Robertson to five years in MDOC custody as a habitual offender under Miss. Code Ann. § 99-19-81, with credit for time served while awaiting the revocation hearing.[4] **Exhibit D**; Doc. 11-1 at 117–18 (MEC, Cause No. 2:21-cr-00041, Doc. 42).

---

[4] The docket in Yalobusha County Circuit Court Cause No. 2:22-cr-00022, as posted on MEC, reflects a June 2022 charge of felony fleeing that was ultimately remanded to the files following Robertson's revocation and sentencing at issue in this petition.

**Post-Conviction Proceedings**

Robertson's criminal case docket confirms that in May 2023, the court received "inmate mail" with a "cover letter [that] states he [was] filing for post-conviction relief," and that mail was "forwarded to [the] staff attorney." Doc. 11-1 at 1–4 (MEC, Cause No. 2:21-cr-00041, Docket). The "inmate mail" dockets on that date included a letter requesting documents and Robertson's Motion for Post-Conviction Relief, signed in late April 2023. Doc. 11-1 at 179–90 (MEC, Cause No. 2:21-cr-00041, Doc. 46).

Then, in February 2024, the docket confirms "inmate mail re: postconviction collateral relief petition" that was "emailed to staff attorney," which was a letter to confirm whether the trial court had received and docketed his motion for post-conviction relief with an accompanying motion to "compel" the court to provide "accurate information" on the status of his post-conviction motion. Doc. 11-1 at 1–4 (MEC, Cause No. 2:21-cr-00041, Docket); Doc. 11-1 at 192–96 (MEC, Cause No. 2:21-cr-00041, Doc. 50). Soon thereafter, on March 13, 2024, the trial judge ordered that Robertson be allowed to proceed in forma pauperis on his motion for post-conviction relief and directed the clerk of the court to open a civil action "without payment of costs." Doc. 11-1 at 197 (MEC, Cause No. 2:21-cr-00041, Doc. 51).

The Panola County Circuit Court records reflect the filing of the trial court's order and Robertson's motion for post-conviction relief in July 2024 and October 2024, respectively. Doc. 11-2 at 3–8 (MEC, Cause No. 2:24-cv-00247, Docs. 1, 2). On May 22, 2025, the trial court denied Robertson's motion for postconviction relief, detailing the procedural history of Robertson's case and discussing the testimony presented by the State at the revocation hearing. **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4). The trial court addressed Robertson's post-conviction claims that his "due process rights were violated in that his sentence was unconstitutional [and] that his

sentence [was] expired, or his probation, parole, or conditional release was unlawfully revoked." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4).

As to the "constitutionality of the sentence," the trial court held that, "only five (5) years were revoked, which is the punishment carried by the crime of felony fleeing. Thus, the sentence was not unconstitutional. Additionally, Robertson was given seven (7) days credit toward his five (5) years." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4). The trial court further explained that because "Robertson was revoked as a § 99-19-81 habitual offender, the sentence has not expired." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4).

The trial court also addressed Robertson's "other arguments," including that his "due process rights were violated at the revocation hearing when the [c]ourt failed to show proof of an actual crime having been committed." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4). Regarding that argument, the trial court noted, "it is not the [c]ourt's burden to show proof of an actual crime having been committed, as that burden rests with the State." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4).

The trial court also rejected Robertson's arguments that "his due process rights were violated when the [c]ourt did not issue a written statement of the evidence relied on for the revocation or when the trial court failed to conduct a presentence investigation" and his contention that "his due process rights were violated when a probation officer was not properly informed and when a probation officer did not appear for the revocation." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4). The trial court explained that those "arguments [were] without merit as this was not [a] parole violation, thus the requirements of a parole officer were not necessary. Furthermore, a revocation does not require a preliminary hearing within 72 hours of arrest." **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4). Finally, the trial court addressed Robertson's arguments alleging

the lack of probable cause and insufficient evidence, holding that:

> both the initiating officer as well as Robertson testified at the Revocation hearing. Following the direct examination, cross-examination, redirect, as well as questioning from the Judge, the Court found the requisite burden for a revocation, that being more likely than not, had indeed been met.

**Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4).

The trial court thus dismissed Robertson's motion for post-conviction relief "because 'it plainly appear[ed] from the face of the motion[s], any annexed exhibits [or the lack thereof,] and the prior proceedings in the case that the movant [was] not entitled to any relief[.]'" **Exhibit E**; Doc. 11-2 at 10–13 (MEC, Cause No. 2:24-cv-00247, Doc. 4) (citing Miss. Code Ann. § 99-39-11). The trial court also listed the documents from the original criminal action that he relied on in making his decision. **Exhibit E**; Doc. 11-2 at 12 (MEC, Cause No. 2:24-cv-00247, Doc. 4).

The docket in Panola County Circuit Court Cause No. 2:24-cv-00247 reflects that Robertson did not file his notice of appeal until July 7, 2025. Doc. 11-2 at 1–2 (MEC, Cause No. 2:24-cv-00247, Docket); Doc. 11-2 at 14 (MEC, Cause No. 2:24-cv-00247, Doc. 5). Indeed, the Mississippi Supreme Court records, as posted on the court's official website, confirm a pending appeal of the trial court's decision docketed in that court in Cause No. 2025-TS–00806. **Exhibit F** (Docket in Cause No. 2025-TS-00806).[5]

**Mandamus Action**

While his motion for post-conviction relief was pending in the trial court, Robertson also initiated a petition for writ of mandamus in the Mississippi Supreme Court in August 2024. Doc 11-3 at 28–40 (Cause No. 2024-M-00969). On November 11, 2024, the Mississippi Supreme Court dismissed Robertson's petition, noting that the circuit court had reassigned the post-conviction motion

---

[5] The docket also reflects a show cause order regarding whether the appeal was timely. Robertson's response to that order filed on July 21, 2025. **Exhibit F** (Docket in Cause No. 2025-TS-00806).

to Honorable Smithy Murphey for a decision by order entered October 23, 2024. **Exhibit G**; Doc. 11-3 at 17 (Cause No. 2024-M-00969).

In May 2025, Robertson initiated a second mandamus petition, which the Mississippi Supreme Court dismissed as moot on June 30, 2025, following the May 22, 2025 order filed in Panola County Circuit Court dismissing Robertson's post-conviction motion. **Exhibit H;** Doc. 11-3 at 2, 12–16 (Cause No. 2024-M-00969).

**Federal *Habeas Corpus* Proceedings**

Robertson, proceeding *pro se*, filed his federal petition for writ of *habeas corpus* on May 22, 2025, raising the issues involving revocation of his parole or supervised release – detailed above. *See* Doc. 1; *see also* Doc. 1 at 15 (mailing envelope stamped by ILAP as "approved legal mail" on May 6, 2025 and stamped as "received" by the Court on May 22, 2025).

**Failure to Exhaust State Remedies**

The instant petition for writ of *habeas corpus* must be dismissed without prejudice for failure to exhaust state remedies, a requirement found in 28 U.S.C. § 2254(b)(1) and (c):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion

of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)).

Exhaustion is accomplished by pursuing claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine "[gives] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite*, 886 F.2d at 92 (quoting *Rose*, 455 U.S. at 518) (additional citations omitted).

The State record reflects that, as of filing of the instant memorandum opinion and final judgment, Robertson's appeal of the trial court's denial of post-conviction relief is pending. **Exhibit F** (Docket in Cause No. 2025-TS-00806). Only after Robertson fully pursues his state court remedies may he have fairly presented his claims to the state's highest court in a procedurally proper manner to satisfy the exhaustion requirements of AEDPA. For this reason, his petition for writ of *habeas corpus* must be dismiss for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1) and (c), *supra*; *O'Sullivan*, 526 U.S. at 842–45; see also *Dupuy*, 837 F.2d at 702; *Carter*, 677 F.2d at 442–44.[6]

---

[6] In extremely limited circumstances, a petitioner may seek a court order for a stay of federal *habeas corpus* proceedings and to hold them in abeyance while he exhausts available state court remedies. *Rhines v. Weber*, 544 U.S. 269 (2005). However, as Robertson did not request a stay in the instant

## Conclusion

As discussed above, Robertson has not presented the issues in the instant petition to the Mississippi Supreme Court in a procedurally proper manner. As such, the instant petition for a writ of *habeas corpus* must be dismissed without prejudice for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

petition, the court will not consider the issue.